United States District Court
District of Massachusetts

| | |
|---|---|
| Clarke Phillips,<br><br>    Petitioner,<br><br>    v.<br><br>Commonwealth of Massachusetts,<br><br>    Respondent. | Civil Action No.<br>22-10999-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

    Clarke Phillips ("Phillips" or "petitioner") is currently in custody pursuant to a state-court judgment. Phillips initiated this action by submitting the form for a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court will, however, construe his petition as if it were filed pursuant to 28 U.S.C. § 2254 because Phillips is in "custody pursuant to the judgement of a state court". Alleyne v. Saba, No. 13-CV-12034, U.S. Dist. LEXIS 137571, at *4 (D. Mass. Sep. 24, 2013); see also Gonzalez-Fuentes v. Molina, 607 F.3d 864, 875 n.9 (1st Cir. 2010) (explaining that prisoners in state custody "are required to comply with all the requirements laid out in § 2254 . . . no matter what statutory label" they use).

    Pending before the Court is a motion to dismiss filed by the Commonwealth of Massachusetts ("the Commonwealth" or

"respondent"). See Docket No. 11. For the following reasons, the motion will be allowed.

## I. Motion to Dismiss

### A. Propriety of the Petition for a Writ of Habeas Corpus

Although petitioner requests "to be released", the ground upon which he seeks such relief is that he was administered "chemical compounds that made [him] sick" while in custody. That is not a challenge to the validity, execution or computation of his sentence but instead is a challenge to the conditions of his confinement. Such a challenge should have been brought as a civil rights action, not as a petition for a writ of habeas corpus. See, e.g., Crooker v. Grondolsky, No. 12-CV-12024, 2012 U.S. Dist. LEXIS 156760, at *3-4 (D. Mass. Nov. 1, 2012) (explaining that the petitioner had presented no bona fide habeas claims through his assertion of inadequate medical care and that "the proper vehicle for challenging conditions of confinement" is a civil rights action).

In some circumstances, it may be appropriate to construe a habeas petition with respect to the conditions of a prisoner's confinement as if it had been properly pled as a civil rights action. See, e.g., Sanchez v. Sabol, 539 F. Supp. 2d 455, 458-59 (D. Mass. 2008). In the pending action, however, petitioner has propounded so little legal or factual support for his claim that it would be futile to consider the petition as if it were the

initial pleading in a civil rights action. Thus, dismissal of the petition is warranted in the case at bar.

B. **Exhaustion**

Even if the Court were to presume that the petition presented a bona fide habeas claim, Phillips did not exhaust his remedies in state court prior to filing in federal court. See 28 U.S.C. § 2254(b)(1)(A); Adelson v. DiPaola, 131 F.3d 259, 261-62 (1st Cir. 1997) (holding that a "petitioner bears a heavy burden" of demonstrating that he has presented his claim to the pertinent state courts). Petitioner has not taken any steps to present his claim to the state courts of Massachusetts and offers no explanation for why he has not done so. The petition is therefore also subject to dismissal because Phillips has failed to exhaust his state remedies with respect to his asserted ground for relief.

## ORDER

For the foregoing reasons, the Commonwealth's motion to dismiss (Docket No. 11) is **ALLOWED**.

**So ordered.**

*Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated: May 9, 2023